**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.

LIBERATA THOMPSON

      Plaintiff,

v.

LAGO MAR MEMBERSHIP ASSOCIATION, INC.
d/b/a LAGO MAR COUNTRY CLUB,
a Florida Not For Profit Corporation

      Defendant.

_____/

## COMPLAINT

Plaintiff, LIBERATA THOMPSON, (hereinafter "Plaintiff" and/or "THOMPSON"), by and through her undersigned attorney, hereby files her Complaint against Defendant, LAGO MAR MEMBERSHIP ASSOCIATION, INC. (hereinafter "Defendant" and/or "LMMA"), and says:

### JURISDICTION AND VENUE

1.     This action is brought against Defendant pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", or the "FLSA"), Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et. seq.*, and Private Whistleblower Protection Act, pursuant to Florida Statutes §448.101 and §448.102.

2.     Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.     Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continue to conduct business in the Southern District of

1

Florida; because the acts that give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

4.      All conditions precedent to this action have been performed or waived.

## PARTIES

5.      Plaintiff is a resident of Broward County, Florida. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a Secretary. Plaintiff was therefore an "employee" as defined by 29 U.S.C. § 203(e) and covered as an individual under the FLSA.

6.      Defendant is a Florida Not For Profit Corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida, with its principal place of business in Plantation, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7.      Defendant is a private golf and country club. Plaintiff was employed at Defendant's business located in Broward County, Florida.

8.      At all times relevant hereto, Defendant was a covered employer under the FLSA 29 U.S.C. §§ 203(d) and (s)(1) in that it had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9.      At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce and therefore has employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10.     Defendant, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

11.     Defendant, upon knowledge and belief, employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2018 or 2017, and therefore was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(i).

12.     By October 2018, Plaintiff had been employed by Defendant for over 12 months, and she had performed at least 1,250 hours of service for Defendant during the previous 12-month period. Plaintiff was therefore an eligible employee under the FMLA, 29 U.S.C. § 2611(2).

## GENERAL ALLEGATIONS

13.     Plaintiff was a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter.

14.     Plaintiff regularly worked in excess of forty (40) hours during one or more workweeks within three (3) years of July 2018.

15.     At all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendant for which no provision was made to properly pay overtime for those hours worked over forty (40) in a work-week.

16.     Plaintiff started working for Defendant in August 2010 and was terminated on or about December 3, 2018. During her employment Plaintiff regularly worked approximately forty-five (45) to fifty (50) hours per week.

17.     Defendant and its representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

18.     Defendant maintained complete control over the hours Plaintiff worked and the pay she was to receive.

19.     In the course of her employment with Defendant, Plaintiff worked the number of hours required of her, but was not paid time and one-half for all hours worked in excess of forty (40) hours during a workweek, nor was such time covered under flex-time or any other permissible government time plan.

20.     The records, if any, concerning the number of hours actually worked by Plaintiff are in the possession, custody, and control of Defendant.

21.     Richard Martino ("Martino") is the general manager of Defendant and was in charge of daily operation of the Club, including personnel actions and insurance enrollment.

22.     Enrollment in insurance was open in September 2018. Defendant has been using the same insurance broker for the previous years.

23.     Martino instructed Plaintiff to bargain with their usual broker to get an unusually low rate, and threatened to use his broker friend if their usual broker does not agree.

24.     Plaintiff sensed that something was wrong, talked with Defendant's usual broker and learned that Martino was plotting a scheme with his broker friend to receive rebates.

25.     Plaintiff refused to participate in the scheme, and she encouraged Defendant's usual broker to report the scheme to one of Defendant's Board members.

26.     Due to Plaintiff's actions and her refusal to participate in the rebate scheme, Martino later withdrew the instructions and stayed with the usual broker at the regular rate.

27.     Plaintiff has been suffering from knee problems and required physical therapy since September 2018, which was made aware to Martino.

28.     Since Plaintiff started her physical therapy in September 2018, she would arrange her schedule so that she could leave at 4:30 p.m. after fulfilling her daily obligations.

29.     Nonetheless, Martino would scold her every time she left early for physical therapy or took time off.

30.     Meanwhile, Plaintiff's husband was terminally ill during the summer and fall of 2018, and Martino was aware of Plaintiff's husband's diagnosis.

31.     Plaintiff filled out the paperwork for a FMLA leave request and attempted to discuss the matter with Martino, but Martino yelled at Plaintiff and refused to cooperate in the FMLA process.

32.     On November 4, 2018, Plaintiff emailed Martino that she needed to take tim off to care for her husband, together with a doctor's note.

33.     Plaintiff's husband passed away on November 8, 2018.

34.     Martino was notified of Plaintiff's husband's passing, but called her on the morning afterwards, screaming and demanding Plaintiff to come to work for a perceived trivial error, which could have been resolved remotely, or without Plaintiff's involvement.

35.     When Plaintiff officially returned to work after her husband's passing, Martino stripped away all of Plaintiff's responsibilities, leaving her with essentially no work to perform.

36.     On November 26, 2018, Plaintiff complained to Defendant's Board about Martino's line of behaviors, including the insurance rebate scheme, his intervention relative to Plaintiff taking time off, and his failure to cooperate with Plaintiff for her FMLA leave request.

37.     A week later, on December 3, 2018, Plaintiff was terminated.

38.     Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

39.     Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this Action.

## COUNT I – VIOLATION OF FLSA/OVERTIME

40.     Plaintiff re-alleges and re-avers paragraphs 1 – 39 as fully set forth herein.

41.     Since the commencement of Plaintiff's employment, Defendant has willfully violated the provisions of §7 of the Act [29 U.S.C. § 207] by employing workers engaged in commerce for workweeks longer than 40 hours without compensating her for her employment in excess of 40 hours at a rate not less than one and one half times the regular rates for which she was employed.

42.     Specifically, Plaintiff worked approximately forty-five (45) to fifty (50) hours during each work week in which she was employed through July 2018, but was only compensated her regular rate rather than one and one half times her regular rate.

43.     Plaintiff was not exempt from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was neither a bona fide executive, administrative, or professional employee.

44.     Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

45.     By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

46.     Defendant knew Plaintiff was not exempt from overtime but refused to pay her at a rate of time and one-half their regular rate.

47.     As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

48.     Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, for workweeks within three (3) years of July 2018, Plaintiff LIBERATA THOMPSON demands judgment for:

a)      Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

b)      Interest on the amount found due;

c)      Liquidated damages;

e)      Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action; and

f)      Such other relief as the Court deems just and proper.

## COUNT II – VIOLATION OF FMLA

49.     Plaintiff re-alleges and re-avers paragraphs 1 – 39, as fully set forth herein.

50.     Plaintiff was eligible for FMLA leave to care for her own serious medical condition and/or to care for her spouse pursuant to 29 U.S.C. § 2612(a)(1)(D).

51.     Plaintiff talked with Martino to request FMLA leave in October 2018.

52.     Defendant is a covered employer as defined by 29 U.S.C. § 2611(4)(A)(i) in that, upon knowledge and belief, Defendant employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2018 or 2017.

53.     Under the FMLA 29 USC § 2614(a), Plaintiff had the right to take leave, and be restored to her position.

54.     Plaintiff's supervisor, Martino, was well aware of Plaintiff's request for leave, and for FMLA leave for her serious health conditions and/or to care for her critically ill husband, but Plaintiff was constantly scolded and screamed at for requesting time off and was not provided the opportunity to submit the paperwork she already filled out for FMLA leave request.

55.     Defendant terminated Plaintiff because of her request for FMLA leave, and Plaintiff's FMLA leave request was, at minimum, a motivating factor in Defendant's decision to terminate Plaintiff, in violation of FMLA, 29 USC § 2614.

56.     As a direct result of her termination, Plaintiff has suffered lost wages.

57.     Defendant's conduct was not done in good faith and Plaintiff is therefore entitled to liquidated damages in an amount equal to her loss of wages/benefits pursuant to the FMLA, 29 U.S.C. § 2617(a).

58.     Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.

59.     Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from the Defendant.

60.     Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff LIBERATA THOMPSON requests judgment for:

a)      Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

b)      Interest on the amount found due;

c)      Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d)      Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

e)      Such other relief as the Court deems just and proper.

## COUNT III – PRIVATE WHISTLEBLOWER PROTECTION ACT

61.     Plaintiff re-alleges and re-avers paragraphs 1 – 39, as fully set forth herein.

62.     This is an action for damages under the Private Whistleblower Protection Act, pursuant to Florida Statutes § 448.101 and § 448.102, in taking retaliatory personnel action against Plaintiff for refusing to participate in an action by her employer which violated Florida law.

63.     Plaintiff refused to participate in Martino's scheme to drive down the rate of commission on insurance premiums so that he could receive rebates.

64.     Plaintiff encouraged Defendant's usual broker to report the scheme to one of Defendant's Board members, which ultimately forced Martino to forego his scheme.

65.     Plaintiff reported Martino's whole scheme and her involvement to the Board on or about November 26, 2018, which directly resulted in her termination a week later.

66.     At all times during the course of her employment, Plaintiff's work performance has been more than satisfactory.

67.     Under the Private Whistleblower Protection Act, Plaintiff is protected from adverse employer action against Plaintiff as a result of refusing to participate Defendant's scheme to receive rebates, not allowed pursuant to Florida Statutes § 626.572.

68.     By reason of Defendant's effective wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages, benefits, and has suffered emotional distress.

69.     Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights under Florida's Private Whistleblower Protection Act.

**WHEREFORE**, Plaintiff requests judgment as follows:

a.  Compensation to Plaintiff for lost wages, benefits, and other remuneration;

b.  Liquidated damages;

c.  Assessment against Defendant of reasonable costs and attorney's fees for this action pursuant to contract or statute; and

d.  Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff LIBERATA THOMPSON hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated: February 11, 2019.

LAW OFFICES OF CHARLES EISS, P.L.
Attorneys for Plaintiff
7951 SW 6th Street, Suite 308
Plantation, Florida 33324
(954) 914-7890 (Office)
(855) 423-5298 (Facsimile)

By:     /s/ Charles M. Eiss
CHARLES M. EISS, Esq.
Fla. Bar #612073
chuck@icelawfirm.com
TIEXIN YANG, Esq.
Fla. Bar #1010651
tiexin@icelawfirm.com

10