# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| LIBERATA THOMPSON ) | |
| ) | |
| Plaintiff, ) | **Case No. 19-cv-60366-DPG** |
| ) | |
| vs. ) | |
| ) | |
| LAGO MAR MEMBERSHIP ) | |
| ASSOCIATION, INC., d/b/a ) | |
| LAGO MAR COUNTRY CLUB, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendant, LAGO MAR MEMBERSHIP ASSOCIATION, INC., d/b/a LAGO MAR COUNTRY CLUB ("Defendant and/or "LAGO MAR") by and through undersigned counsel, files its Answer and Affirmative Defenses to Plaintiff, LIBERATA THOMPSON'S Complaint [DE 1] and states:

## ANSWER

1. Defendant is without knowledge as to the allegations contained in this paragraph and can neither admit nor deny same.

2. Defendant is without knowledge as to the allegations contained in this paragraph and can neither admit nor deny same.

3. Defendant is without knowledge as to the allegations contained in this paragraph and can neither admit nor deny same.

4. Defendant is without knowledge as to the allegations contained in this paragraph and can neither admit nor deny same.

5. Defendant is without knowledge as to the allegations contained in this paragraph and can neither admit nor deny same.

6. Admitted.

7. Admitted.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Defendant is without knowledge as to the allegations contained in this paragraph and can neither admit nor deny same.

21. Admitted.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Defendant is without knowledge as to the allegations contained in this paragraph and can neither admit nor deny same.

29. Denied.

30. Defendant is without knowledge as to the allegations contained in this paragraph and can neither admit nor deny same.

31. Denied.

32. Defendant responds to this allegation that the email speaks for itself.

33. Defendant is without knowledge as to the allegations contained in this paragraph and can neither admit nor deny same.

34. Denied.

35. Denied.

36. Defendant is without knowledge as to the allegations contained in this paragraph and can neither admit nor deny same.

37. Denied.

38. Defendant is without knowledge as to the allegations contained in this paragraph and can neither admit nor deny same.

39. Denied.

40. Defendant realleges each and every response set forth hereinabove.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Defendant is without knowledge as to the allegations contained in this paragraph and can neither admit nor deny same.

49. Defendant realleges each and every response set forth hereinabove.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Defendant is without knowledge as to the allegations contained in this paragraph and can neither admit nor deny same.

60. Denied.

61. Defendant realleges each and every response set forth hereinabove.

62. Defendant is without knowledge as to the allegations contained in this paragraph and can neither admit nor deny same.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Defendant is without knowledge as to the allegations contained in this paragraph and can neither admit nor deny same.

69. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As and for its First Affirmative Defense, Defendant states that this Court lacks subject matter jurisdiction over Plaintiff's claim under the FLSA.  In particular, the Plaintiff has failed to properly plead sufficient facts, and cannot otherwise prove any facts to show that the statutory requirements of the Fair Labor Standards Act (the "FLSA") can ever be met.  The Defendant is not an "enterprise engaged in commerce" and the Plaintiff did not engage in commerce or in the production of goods for commerce.  Therefore, this Court has no subject matter jurisdiction over this matter, and this Defendant is entitled to a judgment in their favor as a matter of law.

### Second Affirmative Defense

As and for its Second Affirmative Defense, Defendant states that Plaintiff has failed to state a cause of action under the FLSA or any applicable state law upon which relief can be granted. For the FLSA to apply, both the minimum wage and overtime sections of the FLSA require that the claimant, (1) be "engaged in commerce or in the production of goods for commerce", or (2) be "employed in an enterprise engaged in commerce or in the production of goods for commerce." Garay v. B & G Volker Corp., 2000 WL 1717632 (S.D.Fla. 2000).  Plaintiff has failed to

sufficiently and properly plead facts and cannot otherwise prove any facts to show that the above requirements have been (or could be) met. Therefore, Defendant is entitled to a judgment in their favor as a matter of law.

### Third Affirmative Defense

As and for its Third Affirmative Defense, Defendant states that the Plaintiff is not protected under the FLSA or any applicable state law. The FLSA, § 213(a), exempts from the minimum wage and overtime provisions of the FLSA bona fide executives, administrative employees and professional employees. Therefore, Plaintiff's claim is barred as a matter of law.

### Fourth Affirmative Defense

As and for its Fourth Affirmative Defense, Defendant states that Plaintiff has failed to state a cause of action upon which relief can be granted. In particular, although Defendant continues to deny any violations of the FLSA, Plaintiff has failed to sufficiently and properly plead facts, and cannot otherwise prove any facts to show that the Defendant has acted willfully or with reckless disregard of the provisions of the FLSA concerning payment of minimum wages or overtime. Therefore, Defendant is entitled to a judgment in their favor as to this issue as matter of law, including any claim made by Plaintiff for liquidated damages.

### Fifth Affirmative Defense

As and for its Fifth Affirmative Defense, Defendant states that Plaintiff has failed to state a cause of action upon which relief can be granted. In particular, although Defendant continues to deny applicability of the FLSA or any applicable state law, Plaintiff has failed to sufficiently and properly plead facts, and cannot otherwise prove any facts to show that the Defendant has violated any provision of the FLSA or applicable state law. However, in the event that this Court finds that any such violation of the FLSA occurred, Defendant asserts that any act or omission giving rise to

such actions was in good faith and that they had reasonable grounds for believing that their acts or omissions were not a violation of the FLSA. Therefore, Defendant is entitled to a reduction of damages.

### Sixth Affirmative Defense

As and for its Sixth Affirmative Defense, Defendant states that Plaintiff has failed to mitigate and/or avoid the consequences of this action. In particular, without limitation, Defendant had established policies and procedures that required employees to report to Defendant's officers and directors of any wrongful acts and/or omissions. Plaintiff, with this knowledge, failed to ever report or file any complaint to Defendant's respective executives and/or administrators that Defendant is allegedly violating the FLSA and/or any applicable state law with regards to Plaintiff's alleged employment. Therefore, the Plaintiff should not be entitled to recover any damages which could have been avoided.

### Seventh Affirmative Defense

As and for its Seventh Affirmative Defense, Defendant states that Plaintiff has failed to state a cause of action upon which relief can be granted. In a lawsuit brought under the FLSA and any applicable state law, the plaintiff employee has the burden of proving the existence of an employer-employee relationship, coverage under the applicable law (*i.e.*, the FLSA) and a violation of statutory standards. The Plaintiff has failed to meet the above burden and cannot otherwise prove any facts to show that the foregoing requirements have been met. In particular, the Plaintiff is exempt under the FLSA, the FLSA is not otherwise applicable to the Defendant or the Plaintiff, and no violations of the statutory standards have occurred. Therefore, judgment must be entered in Defendant's favor as a matter of law as a result of Plaintiff's failure to adequately meet its burden of proof in this matter.

**Eighth Affirmative Defense**

As and for its Eighth Affirmative Defense, Defendant states that Plaintiff's claims are barred in whole, or in part, by the applicable statute of limitations. There is a two-year statute of limitations period that applies to violations of the FLSA. Therefore, an "employee" under the FLSA can only recover two years of unpaid wages and/or overtime wages. Accordingly, although Defendant continues to deny liability and applicability of the FLSA, damages, if any, are specifically limited to two years.

**Ninth Affirmative Defense**

As and for its Ninth Affirmative Defense, without assuming the burden of proof, Plaintiff was compensated for all hours worked in excess of 40 hours in any particular workweek (as Plaintiff reported its time worked) at a rate not less than that set forth by the overtime provisions of the FLSA.

**Tenth Affirmative Defense**

As and for its Tenth Affirmative Defense, without assuming the burden of proof, Defendant complied with all recordkeeping requirements, or other requirements of the FLSA.

**Eleventh Affirmative Defense**

As and for its Eleventh Affirmative Defense, the Plaintiff's claim is estopped by the submission of its own time records, for which Defendant compensated her for all overtime worked and claimed, if any.

**Twelfth Affirmative Defense**

As and for its Twelfth Affirmative Defense, without assuming the burden of proof, any violation of the FLSA by Defendant, which is denied, was not willful, and therefore all claims are

limited to a two-year limitations period calculated from the date the named Plaintiff brought suit, or any future plaintiff files his or her written consent to join this action.

### Thirteenth Affirmative Defense

As and for its Thirteenth Affirmative Defense, notwithstanding overtime compensation actually paid (if any was ever deemed required), and without assuming liability, Defendant is entitled to an offset against any amounts due (which are denied), an amount equal to the amount Defendant paid, or overpaid, the Plaintiff, including any amounts paid to the Plaintiff under the "fluctuating workweek" provisions of the FLSA.

### Fourteenth Affirmative Defense

As and for its Fourteenth Affirmative Defense, although Defendant denies any liability to Plaintiff, and without assuming the burden of proof, the time for which Plaintiff seeks compensation is de minimus.

### Fifteenth Affirmative Defense

As and for its Fifteenth Affirmative Defense, Defendant states that Plaintiff's claims are barred by doctrine of waiver, estoppel and/or laches.

### Sixteenth Affirmative Defense

As and for its Sixteenth Affirmative Defense, Defendant alleges that Count III of the Complaint fails to state a cause of action. A complaint about employer activities is not protected under the FWA unless the activities actually violated a law, rule or regulation. Kearns v. Farmer Acquisition Company d/b/a Charlotte Honda, 157 So.3d 458, 465 (Fla. 2nd DCA 2015). A good faith belief that a violation has occurred is not sufficient; the whistle blower's objection must be of an actual violation of a law, rule or regulation. White v. Purdue Pharma, Inc., 369 F. Supp.2d 1335, 1338-39 (M.D. Fla. 2005). A plaintiff must specify not only the activity that actually violates a

law, rule, or regulation, but also the "law, rule or regulation" it allegedly violates. Shultz v. Tampa Electric Co., 704 So.2d 605, 606 (Fla. 2d DCA 1997). Vague or general allegations of violations of laws are insufficient for pleading a claim under the FWA.

### Notice of Intent to Seek Attorney's Fees

The Defendant has been required to retain the undersigned law firm and is obligated to pay it a reasonable fee as a result of Plaintiff bringing this action. Defendant is entitled to an award of its reasonable attorneys' fees if as to any and all of the Counts brought by the Plaintiff.

/s/John J. Shahady
**John J. Shahady, B.C.S.**
Fla. Bar No. 998990
JShahady@swlawyers.law
Dambra@swlawyers.law (legal assistant)
SHAHADY & WURTENBERGER P.A.
*Attorney for Defendant*
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Telephone:  (954) 376-5958
Facsimile:  (954) 206-0188

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 22, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ John J. Shahady

## SERVICE LIST

**Liberata Thompson v. Lago Mar Membership Association, Inc.**
**Case No. 19-cv-60366-DPG**
**United States District Court, Southern District of Florida**

                Respectfully submitted,

                **SHAHADY & WURTENBERGER, P.A.**
                One West Las Olas Boulevard, Suite 500
                Fort Lauderdale, FL 33301
                (954) 376-5958 Telephone
                (954) 206-0188 Facsimile
                *Attorneys for Defendant*

                By:   /s/John J. Shahady
                      John J. Shahady, Esq.,
                      Fla. Bar No. 998990
                      JShahady@swlawyers.law
                      dambra@swlawyers.law (legal assist.)

Charles M. Eiss, Esquire
Fla. Bar No. 612073
chuck@icelawfirm.com
Tiexin Yang, Esquire
Fla. Bar No. 1010651
tiexin@icelawfirm.com
Law Offices of Charles Eiss, P.L.
7951 SW 6th Street, Suite 308
Plantation, FL 33324
954-914-7890 Telephone
954-423-5298 Facsimile
*Attorneys for Plaintiff*